IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Respondent-Plaintiff | § | |
| | § | |
| vs. | § | CR B-00-106-01 |
| | § | |
| DANIEL CURIEL-SANCHEZ, | § | |
| Petitioner-Defendant | § | |
| (CA B-01-006) | § | |

### GOVERNMENT'S ANSWER, MOTION FOR DISMISSAL UNDER 8(a) OF THE RULES FOLL. 28 U.S.C. § 2255, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

1.

On February 1, 2001, the court ordered the Government to respond to Curiel's 28 U.S.C. §2255 motion filed on January 10, 2001, by April 6, 2001. The Government moves to dismiss and, in the alternative, moves for summary judgment.

2.

Curiel was charged in the Southern District of Texas, Brownsville Division, in Count One with being an alien found in the United States after having been deported and without the permission of the Attorney General, in violation Title 8 U.S.C. §1326. He pled guilty to the indictment on April 25, 2000 in conformance with a Fed. R. Crim. P. 11(e)(1)(B) plea agreement, before United States Magistrate Judge Felix Recio (R. 12). In the plea agreement, in exchange for Curiel's plea of guilty to the indictment, the Government agreed to recommend Curiel receive full credit for "Acceptance of Responsibility", be sentenced to the bottom of the Guideline level he scored. (PSR. 6).

The probation department scored him at base offense level 8, yet assessed a 16 level adjustment due to his prior conviction for felon in possession of a firearm, an aggravated felony, and recommended, in concert with the plea agreement, that he receive a three-level downward adjustment for timely acceptance of responsibility under USSG §3E1.1(a,b), which resulted in a total offense level score of 21. His criminal history score placed him in Criminal History Category Four, with a Guideline range of 57-71 months. No objections were filed by either party (PSR Add. P. 14).

On July 24, 2000, at sentencing, the district court sentenced Curiel to 57 months imprisonment, followed by a three-year term of supervised release. He was also ordered to pay $100 in mandatory costs, yet was remitted. The judgment was entered August 1, 2000. The judgement became final on August 11, 2000. (F.R. App. P. 4(b)).

Curiel did not file a direct Appeal. On January 10, 2001, Curiel filed the instant "Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255".

2.

His pleading filed under § 2255 is timely.

3.

The Government denies each and every allegation of fact made by Curiel except those supported by the record and those specifically admitted herein, and demands strict proof thereof.

4.

2

## Allegations

Curiel alleges that his trial counsel provided constitutionally infirm representation. Counsel failed to perform a sufficient pre trial investigation by failing discover his eligibility for a downward departure as the result of his "offer to stipulate to a judicial order of deportation". Petitioner's brief page 7. Counsel failed to move for a two level downward departure in exchange for Curiel's "stipulation to deportation" and for the "disparate treatment" aliens receive by ineligibility for halfway house and minimum security housing. Curiel seeks a downward departure on this basis.

Curiel also fails to provide a factual foundation for his underlying allegations, other than his bare assertion that he "stipulated to deportation". The government does not concede the underlying factual assertions by Curiel and notes Curiel has failed to satisfy his burden of proof in this regard.

5.

## Curiel's Burden

A.   <u>In the context of § 2255</u>

Curiel must first address the cause/prejudice requirement. Curiel must first show cause that would excuse his failure to raise this claim on direct appeal and actual prejudice from the circumstances that he now alleges. The motion should be denied and dismissed under Rule 8(a) of the rules foll. 28 U.S.C. §2255 inasmuch as he offers insufficient cause and prejudice for obtaining review on collateral attack. *See, e.g., United States v. Shaid*, 937 F.2d 228, 231-32 & n.7 (5th Cir. 1991) (en banc) (constitutional or jurisdictional issue reviewable for first time

3

on collateral attack only if the movant demonstrates cause for his procedural default and actual resulting prejudice or that the uncorrected error would result in a complete miscarriage of justice).

An allegation of "miscarriage of justice" warrants collateral review where a constitutional violation has alleged to have caused the conviction of one innocent of the crime. *McCleskey v. Zant*, 499 U.S. 467, 495, 111 S.Ct. 1454, 1470 (1991); *Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 2643 (1986). "The 'cause' standard requires [the movant] to show that 'some objective factor external to the defense' prevented him from raising on direct appeal the claim he now advances." *United States v. Guerra*, 94 F.3d 989, 993 (5th Cir. 1996) (quoting *Romero v. Collins*, 961 F.2d 1181, 1183 (5th Cir. 1992) which in turn quotes *Murray*, 477 U.S. at 488, 106 S.Ct. at 2645). "Objective factors that constitute cause include interference by officials that makes compliance with the procedural rule impracticable, a showing that the factual or legal basis for the claim was not reasonably available to [the appellant] at the prior occasion, and ineffective assistance of counsel in the constitutional sense." *Id.*

To avoid the consequences of a dismissal by applying the fundamental-miscarriage-of-justice exception to Rule 9(b) foll. 28 U.S.C. §2255, a movant must demonstrate, as a factual matter, that he did not commit the crime of conviction. *Schlup v. Delo*, 115 S.Ct. 851, 861, 867 (1995); *Ward v. Cain*, 53 F.3d 106, 107 (5th Cir. 1995) (citing *Schlup*). Stated differently, the movant must demonstrate that the failure to consider his claim will result in his continued incarceration

4

though innocent. *See Saahir v. Collins*, 956 F.2d 115, 120 (5th Cir. 1992); *United States v. Espinoza*, 82 F.3d 640, 642 (5th Cir.1996) (citing *Saahir*).

a.

The only semblance of cause proposed by Curiel is "ineffective assistance" in his trial counsel failing to obtain a downward departure for Curiel's offer to stipulate to a judicial order of deportation and for the collateral consequences of conviction particular to aliens. Curiel forwards out of circuit decisions sanctioning a downward departure at the time of sentencing for similarly situated defendants.

However, with the streamlining of the law for the "removal" of aliens in 1996 in the Illegal Immigration Reform and Immigration Responsibility Act of 1996, the burden upon the government in deporting and removing aliens was greatly reduced, to the effect that voluntary deportation ceased to be a significant benefit to the government. "Stipulation of deportation" now longer represents a justifiable basis for departure. *United States v. Galvez-Falconi*, 174 F.3d 255, 259 ((2nd Cir. 1999).

The issue of an alien's eligibility for a downward departure due to collateral consequences, was decided by the 5th Circuit seven years prior to Curiel's conviction in *United States v. Nnanna*, 7 F.3d 420 (5th Cir. 1993). The 5th Circuit does not now, nor has it ever sanctioned such downward departures. Although it is true than under *United States v. Koon*, 518 U.S. 81, 116 S.Ct. 2035 (1996), circuit courts may no longer categorically proscribe a basis for departure, the departure sought by Curiel must fail as falling within the "heartland". As 18 U.S.C. 3624(c) prohibits the assignment of aliens to halfway houses, it is presumed that

5

the United States Sentencing Commission considered the "statutory and regulatory structures upon which an informed sentencing treatment of immigration offenses significantly depended." *United States v. Clase Espinal*, 115 F.3d 1054, 1057 (1st Cir. 1997), *United States v. Angel-Martinez*, 988 F.Supp. 475, 484 (D.N.J. 1997). A § 2255 can not substitute for his failure at sentencing to seek a downward departure. *United States v. Payne,* 99 F.3d 1273, 1281-82 (5th Cir. 1996), *Garcia v. United States*, 1998 WL 37515 (S.D.N.Y.). As the premises upon which Curiel's complaints are based have no legal support, Curiel's counsel's performance can not be shown to provide "cause" for Curiel's failure to bring these complaints on direct appeal and can not be shown to be deficient under *Strickland*. As Curiel has failed to demonstrate he was eligible for the alleged departures, he can show no prejudice by having not obtained the departures. Further, Curiel does not allege he is innocent. He therefore fails the prejudice prong of the cause/prejudice test.

Were he to survive his previous hurdles, his prayer seeking a downward departure would fail as not seeking redress cognizable under § 2255. He seeks a downward departure, an application of the sentencing Guidelines. Such claim is not cognizable under § 2255. *United States v. Payne,* 99 F.3d 1273, 1281-82 (5th Cir. 1996), *Thomas v. United States,* 1995 WL 590650 (SDNY).

B.  In the context of a § 2241.

Besides having filed the motion in the wrong district, Curiel has other insurmountable hurdles to overcome. In order to bring a § 2241 claim, Curiel must first demonstrate he has exhausted his claims under § 2255 and any

6

available administrative remedies. 28 C.F.R. 542.10. If he was seeking to invoke the "savings clause" of § 2255, permitting a § 2241 motion after becoming ineligible for redress under § 2255, he fails. Such savings clause is limited to "circumstances in which a Supreme Court decision has changed the law of a circuit retroactively in such a way that a prisoner stands convicted for a nonexistent offense, and the prisoner had no reasonable opportunity for a judicial remedy of that fundamental defect before filing the § 2241 proceeding". *Wofford v. Scott*, 177 F. 3d 1236, 1244 (11th Cir. 1999). The savings clause may also be triggered by "actual innocense, which means factual innocense, not merely legal insufficiency". *Bousley v. United States*, 523 U.S. 614, 118 S.Ct. 1604, 1611 (1998). Curiel has made no such allegations, and has foregone his earlier opportunities. *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999).

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Government respectfully prays that Curiel's §2255 petition be dismissed, or in the alternative, subject to denial by summary judgment.

Respectfully submitted,

MERVYN M. MOSBACKER
United States Attorney

_____
Mark M. Dowd
Assistant U.S. Attorney
600 E. Harrison, # 201
Brownsville, Texas 78520
Texas Bar No. 06070500
Federal I.D. No. 9314
(956) 548-2554/Fax (956) 548-2549

## CERTIFICATE OF SERVICE

I, Mark M. Dowd, Assistant United States Attorney, certify that a true and correct copy of the above document has been served by placing same in United States mail, postage prepaid, today, March 27, 2000, addressed to:

Daniel Curiel-Sanchez
No. 583690979
F.C.I., Three Rivers
P.O. Box 4200
Three Rivers, Texas, 78071

MARK M. DOWD
Assistant U.S. Attorney