9

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
ENTERED

**JUN 0 6 2001**

Michael N. Milby, Clerk of Court
By Deputy Clerk

DANIEL CURIEL-SANCHEZ      §
Petitioner,                §
                           §
v.                         §          CIVIL ACTION NO. B-01-06
                           §          (CR. NO. B-00-106-01)
UNITED STATES OF AMERICA    §
Respondent.                §
                           §

## A M E N D E D

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### BACKGROUND

On April 25, 2000, Petitioner Daniel Curiel-Sanchez, hereinafter known as Curiel, plead guilty

to one count of illegal reentry in violation of 8 U.S.C. § 1326 (a) and (b). He was then sentenced to

57 months of imprisonment, followed by a three-year term of unsupervised release. Curiel now

requests that this Court vacate his sentence pursuant to 28 U.S.C. § 2255. Curiel alleges that his

counsel was ineffective for (1) failing to argue for a downward departure in the sentencing guidelines,

and (2) for failing to inform him of his right to appeal.

### LEGAL STANDARDS

Ineffective assistance of counsel claims are reviewed under the two-prong test of *Strickland v.*

*Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064 (1984). To establish ineffective assistance

of counsel, Curiel must prove (1) that his counsel's performance was deficient, and (2) that he was

1

CNPDF - www.fxsio.com

prejudiced by the deficiency. *Id.* Under the first prong, Curiel must demonstrate that his counsel's performance was objectively unreasonable. *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995). Under the second prong, Curiel must demonstrate that the results of his proceedings were unfair or unreliable. "Unreliability or unfairness does not result if the effectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 843-44 (1993).

## ANALYSIS

Curiel has failed to prove that his counsel's assistance was ineffective. First, Curiel has failed to demonstrate that he qualifies for a downward departure. Curiel argues that he qualifies for a downward departure due to his alien status and willingness to voluntarily leave the country. A defendant's status as a "deportable alien" is not a basis for downward departure. *United States v. Garay*, 235 F.3d 230, 231-32 (5th Cir. 2000). Similarly, an alien's willingness to voluntarily be deported is not grounds for a downward departure. *Id.*

Next, Curiel argues that he was not given credit for "acceptance of responsibility." The record shows that, upon signing a plea agreement, Curiel was given full credit for "acceptance of responsibility." Accordingly, the probation office scored Curiel at the base offense level of eight. Due to his prior aggravated felony conviction, Curiel's sentencing guideline level was later re-assessed and adjusted to a level sixteen.[1] When a criminal defendant has one non-violent underlying felony that resulted in a prison term of less than one year, a two-level downward departure is applicable. *United States v. Yanez-Huerta*, 207 F.3d 746, 747 (5th Cir. 2000). Curiel was ineligible

---

[1]    *See United States of America v. Daniel Curiel-Sanchez*, CR. NO. B-00-106-01, Pleading No. 29 at 2.

2

for this downward departure because his prior conviction was an aggravated felony, and because he spent one year in prison. Thus, with respect to Curiel's first claim, he fails to demonstrate that his counsel provided ineffective assistance because the record shows that he did not qualify for a downward departure.

Curiel's second claim of ineffective assistance alleges that his counsel failed to inform him of his right to appeal, prior to and during sentencing. Here again, the record contradicts Curiel's claim. First, Curiel was made aware of his right to appeal and voluntarily waived this right by signing the plea agreement.[2]  Second, Curiel confirmed that he was satisfied with his counsel's assistance.[3] Third, Curiel's sentencing report shows that the Court informed him of his right to appeal.[4] Therefore, because Curiel was aware of this right he cannot demonstrate that he was prejudiced by his counsel's alleged ineffectiveness.[5]  Consequently, Curiel's § 2255 Motion should be denied because he has failed to prove ineffective assistance of counsel, and he has failed to show that he qualified for a downward departure.

---

[2]  See *United States of America v. Daniel Curiel-Sanchez*, CR. NO. B-00-106-01, Plea Agreement No. 13 at 4.

[3]  *Id.* at 5.

[4]  See *United States of America v. Daniel Curiel-Sanchez*, CR. NO. B-00-106-01, Sentencing Report No. 21 at 1.

[5]  See *United States of America v. Daniel Curiel-Sanchez*, CR. NO. B-00-106-01, Pleading No. 11 at 1.

3

CMPDF - www.fasiso.com

# RECOMMENDATION

For the reasons given above, this Magistrate recommends that Petitioner Curiel's § 2255 Motion be denied. A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from failure to object. *Douglass v. United States Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE in Brownsville, Texas this 1st day of June, 2001.

Felix Recio
United States Magistrate Judge

4

CutePDF - www.cutepdf.com

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DANIEL CURIEL-SANCHEZ | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-01-06 |
| | § | (CR. NO. B-00-106-01) |
| UNITED STATES OF AMERICA | § | |
| | § | |

## <u>ORDER</u>

Before the Court is the Magistrate Judge's Report and Recommendation in the above-referenced cause of action.  After a de novo review of the file, the Magistrate Judge's Report and Recommendation is hereby ADOPTED.  Petitioner Curiel's § 2255 Motion is hereby DENIED.

DONE in Brownsville, Texas this _____ day of _____ 2001.

_____

Hilda Tagle
United States District Judge

5